Chavez-Nunez, John Downing, counsel for appellant Alma Angelina Chavez-Nunez, Benjamin Taggart, counsel for Apley, Kimberly J. Husted, Chapter 7 trustee. All right, good morning. Does the appellant want to reserve any time for rebuttal? I'm going to reserve three minutes. All right, please begin. Yes, your honor. I think I'm going to start with the point that a denial of discharge should be an exception, not a rule. That there should be, you know, in keeping with the fresh start purposes behind the bankruptcy court, the court should construe section 727 liberally in favor of debtors and strictly against the trustee in this case. And I think the thing that's unusual about the court's order that we're appealing from is that the trustee alleged five separate causes of action under section 727. We won on four of the five. And I think that there's no basis for a finding of fraudulent intent, which we think is required under 727A4D, the fifth cause of action. But before we get into that, counsel, before we get into that, what's striking about your case is that this is as clear a factual question as there can be, isn't it? Was there fraudulent, a knowing of fraudulent intent? I agree that there is, and it is a factual inquiry. I just don't think that the court addressed the statements that were made. In the Eastern District, we use this alternative direct testimony, which I think is a good thing. It saves the trial court or saves bankruptcy courts a heck of a lot of time on these trials, which would otherwise go days instead of hours. But it does create sometimes an issue where something in the alternative direct testimony is not addressed. But the evidence, the record clearly shows that the trustee testified that she asked for the Excel spreadsheet and for the backup for the taxes, specifically the expenses that were denied that creates the $6 million debt to the IRS, which both seem to be fairly reasonable since the Excel spreadsheet, by her testimony, and it wasn't really refuted, was it, that the Excel spreadsheet was used to document the income and use for the taxes pre-petition of the four businesses that the debtor was operating? Right, but I think that you're missing, I think the court missed that, the finding. I think there still would be, one of the reasons we won on the four causes of action was the absence of any testimony from the certified public account. But those go to the transfers, which are wholly different, rather than giving the documents that the debtor seems to acknowledge existed, but were never given. And the testimony seems to read, for a fair inference, that it's a trust me, you don't need them kind of defense. Well, I think that if you look at the court's finding with respect to the fourth claim of relief, which does not have to do with these transfers, I'm going to quote from it because I think the same reasoning should be applied to the fifth cause of action. And I think reading from the excerpts of record 151, defendant, starting at line seven, defendant gave plaintiff some financial records with the sum italicized. Missing, however, is admissible evidence as to how or why the records defendants gave plaintiff were inadequate. More precisely, there was no testimony from the accountant as the individual who reviewed and analyzed the records defendant gave plaintiff, explaining why the records defendant gave plaintiff were insufficient or inadequate. And on that claim. Isn't that different than an existing known document, such as the Excel spreadsheet? Why wasn't it never given over? And the inference, it seems that the court took is she didn't want to because there could be something incriminating. Well, I think the inference, I think the inference should, I think that there should still be a requirement on the part of the trustee to have established that these were material. How can you establish it if you don't have the document? I mean, the testimony was that it's all in the QuickBooks, right? And apparently the trustee did not believe that, nor did the court, which can be refuted by giving the Excel spreadsheet. Now, actually, well, I don't necessarily disagree with you there, but I do disagree with you as far as go as far as the only person who could testify as to what was in the QuickBooks. And the only person who could testify as to whether there was some fraudulent scheme to hide anything or whether the business was should have been valued at a million dollars versus, you know, a thousand dollars was the CPA. And his testimony was completely missing because he was not called as a witness. So I think that the CPA is going to testify as to the Excel spreadsheet because it doesn't have the CPA would test would presumably have testified or could have testified if he had been called that I've reviewed the QuickBook records. They only go back so far. I had based on the QuickBook records that I've been provided. I cannot make any sort of estimate as to what the value of the business is or whether these business whether the business was affected by these supposed transfers. So are you saying that are you saying that they needed the testimony of a third party before they could establish fraudulent intent because the debtor failed to turn over a piece of paper? I well, I'm saying that based the first, second, third and fourth causes of action were all denied based on a finding that without the testimony from the CPA, my client without the testimony from the CPA, the trustee had not met her burden in establishing fraudulent intent on behalf of the client. I want to drill down to the one issue before us, those other causes of action, those are not before us, your client won on those, you brought up this other one and going through 727 on this one cause of action, there's no dispute that your client withheld possession of recorded information. Is that correct? Well, I think she testified she did not recall, but I would say that yes, she did not provide the Excel spreadsheet. And she knew she had Excel spreadsheets and if they weren't provided, the knowing element is there. So really it's the fraud that we look at here is did she fraudulently withhold possession of recorded information? We know she withheld possession of recorded information. We know that she knowingly did so. So comment on the remaining piece. All right. And I do want to distinguish between the, I mean, I'm focused on the Excel spreadsheet because I think the tax returns, I don't think there's a showing that she knowingly withheld them or had them because I think that was an issue again where there was some testimony regarding a hearsay statement from an IRS agent that he did or did not have. So, I mean, I think really this is the spreadsheet because I think with the tax, and I don't want to get too far off track, but the taxes were something that was in her interest to provide. So I don't see how you could ever prove fraudulent intent there. But with respect to the Excel spreadsheet, our argument is that she provided the QuickBooks and there's no showing that the QuickBooks were not sufficient to establish the condition of her business. Because you didn't have the Excel spreadsheet. I mean, you're kind of looping back around, right? Look at the QuickBooks. It contains everything because we say so. And don't look at the Excel spreadsheet because you don't need it. There's, and again, this sort of goes to the, you know, some, well, all right. So, I mean, I think if you look at our brief, you know, I'm not sure we, you know, our post-trial brief, we barely addressed the fifth cause of action. I mean, this is one of the trial court, trial attorney's nightmares that you're completely focused on what you think is important and then there's some little thing that you don't know about or don't really focus on that catches you. So, there's not a lot of testimony at the trial. There's not a lot of briefing or a complete absence of briefing on this. So, it was a bit of a gotcha thing that, hey, you've won on everything that you think is important. There's no fraudulent intent that's been established, yet we're now going to get you on this failure to provide one single document or one single record. And our position is that, especially with respect to the findings that were made with respect to the fourth cause of action, which is A4A, and very similar than the A4, well, with respect to the withholding of, with respect to the records that you did not provide, I think the same reasoning consistently should have been applied to the fifth cause of action, which is this EXO spreadsheet. And I don't think there's any showing on the part of the trustee that there was something in the QuickBooks that was not in the spreadsheet because they did not call the CPA to testify. And I think that's missing a point, and I don't think it was otherwise covered. But ultimately, all she had to do was give the Excel. That's part, I appreciate the gotcha position as a trial matter. I do. But there's never any explanation why the Excel was given, other than her medical condition, which has been, didn't prevent her from inputting it, apparently, all into the QuickBooks. So, isn't that, I mean, I understand you disagree with the inference that the trial court made, but why is that error? I think it's error because the court made a finding that conflicts with that with respect to the fourth cause of action. He couldn't find it because he ruled in your favor on the fourth cause of action. I think, well, I think it's logically, as a matter of common sense, he's made inconsistent findings. I think that the consistent finding he made was without the testimony of the QuickBook, without the testimony of the CPA with respect to what was in the QuickBooks, they had failed to meet their burden of proof. And I think that same finding should be made, should have been made with respect. Did Judge Jaime make any specific findings with the fourth cause of action as to the Excel spreadsheet? I think if you, let's see. Well, I think the court was focused on the QuickBooks because I think the court on its own questioned the trustee as to basically confirming that she did not know what was in the QuickBooks. So I think that's where the focus was. And I think the inference, the only reasonable inference that we think is there is that my client, by providing the QuickBooks, believed she had complied. And I don't, you know, we can't get far from the record, but, you know, I think that was what we believe too. This was not an issue. There's no issue that this was, you know, raised in writing. There's no record of anything, any written requests for it. And we believed, and I think the court also indicated that, well, without knowing what's in the QuickBook records, you cannot prove fraudulent intent and intent to withhold. And I think that that should be applied to the fifth cause of action as well as to the fourth cause of action. All right. You're within your three minutes. Did you want to reserve the rest of your time? I do, Your Honor. I do. All right. Thank you. Mr. Taggart? I am Benjamin Taggart, appearing for Appellee Trustee Kimberly Houston. In our capacity as plaintiff and Chapter 7 Trustee for the Debtors Bankruptcy Estate. As the court pointed out at the beginning of this, this is a narrow, fairly narrow issue before you. This is a question of whether or not the court was justified in making a finding, inferring a finding of fraudulent intent here as it related to the withholding of the tax records and the Excel spreadsheet. That ledger, the Excel ledger, and those tax documents go hand in hand because of representations made by the debtor to the trustee and her CPA, together and separately, that those documents supported her contention that the tax claims in excess of $7 million were overstated, grossly overstated. And the trustee requested the Excel ledger and the tax documents multiple times in writing, through counsel, directly, before this case, before the underlying adversary was even filed, continued the 341 multiple times, requesting those documents be provided, obtained access to QuickBooks, provided that to the CPA, and still no Excel spreadsheet, despite maintaining their request for that ledger after the QuickBooks access was provided. Counsel, how do you respond to your opposing counsel's argument that the denial of the discharge under the fifth cause of action is contrary and inconsistent with the fourth cause of action? The fourth and fifth causes of action, the fourth cause of action was dismissed or denied because of the hearsay objection raised by counsel on the date of trial on the transfer and bank record review provided by the CPA that was relayed to the court through direct testimony by the trustee. And the alternative direct testimony declarations, there were no written objections prior to that. If this court were to go through the record of the parent case, there has been great leniency and leeway provided to the debtor and counsel throughout this case. And the fourth and fifth causes of action coming down differently in the judge's ruling and Judge Hyman's memorandum of decision highlight that the trustee was held to a high standard in maintaining and carrying a burden of proof that wasn't done based on a hearsay objection, that ultimately defeated four of the five causes of action brought by the trustee on the discharge. But if the trustee failed to establish that the financial records that were provided by the debtor were insufficient or inadequate to ascertain the financial condition of the debtor under the fourth cause of action, how does that reconcile with the need for the Excel spreadsheet, which is the basis for the fifth cause of action? The fourth cause of action was focused on the bank records that were supplied relating to the debtor's business and the financial accounts that were maintained through other PayPal, Zelle, that were maintained by the debtor for the use of her businesses. Those records were obtained ultimately through third parties. That is, and the insufficiency of the debtor's participation in producing documents directly was an issue, you know, and it came down to was what she provided in terms of bank records sufficient? That was something that was reviewed by the CPA. The CPA conducted that review with QuickBooks, and that is a wholly different issue than what we have on the tax records and Excel ledger because we know those weren't provided. The trustee knows they weren't provided. She asked for them multiple times, and as has been noted this morning and was noted in the trial court, it begs the question, why? If they were contended to be beneficial to her interest, why were those documents not provided? And just to clarify on the tax documents quickly, we're not talking about tax returns. The debtor had been appealing the IRS's decisions and trying to deny the IRS claims for years and had put together what she represented to be documents supporting that the tax claims asserted by the IRS were grossly overstated. Those documents were not in the possession of the IRS. Counsel made a reference to an IRS agent. Yes, the trustee made a written request to the IRS through a regional representative asking for those documents. The IRS said they didn't have them. So we're talking about proving a negative, and we focus on what was in the Excel spreadsheet. We can't know because it was never given over. There's no dispute that the Excel ledger was never provided. And the only plausible, well, not the only plausible, but a plausible reason for that is that the debtor historically over the course of the last 13 years has filed six bankruptcies. And across those bankruptcies, she has consistently been discovered to have not scheduled pre-petition transfers to insider family members. And she has continued to make those transfers post-petition. It's resulted in the dismissal of five bankruptcies and the conversion of this bankruptcy from an 11 to a 7. And if we are looking at the Excel ledger, and it is what she has claimed it to be, which is a complete review of what her business has coming in and out, then, and she is aware of the trustee's investigation into avoidable transfers, one transfer avoidance case is currently pending in the bankruptcy court, stands to reason that that is the rationale for not providing that document. It's because it either has, as this court noted this morning, incriminating evidence, or it discloses additional avoidable transfers that she doesn't want to disclose. And the court heard this evidence, heard the evidence on the car accident, heard the competing evidence, and the debtor could not provide a reason at trial why the documents weren't provided to the trustee. Could not or would not. And the court made a credibility determination based on the evidence that was put before it that there was fraudulent intent here. And that is it. It is an open and shut issue. And this court has not been provided with evidence in the record that shows that there was clear error that would allow it to reverse that determination. And with that, I would submit unless there's further questions. Thank you. All right, Mr. Downing. Yes. So there was a lot in that presentation which was not part of the appellate record. All these communications between supposedly between the IRS and the trustee, that was not testified to. If it was, it would have been inadmissible as hearsay. And I think, and again, there's a whole lot of stuff about whatever her past conduct was. And we know that her past conduct did not result in a denial of discharge based on the first four causes of action. The first four causes of action as well as the fifth cause of action are all based on paragraph 16 in the complaint, which lists A through I, the documents which the trustee believed that my client failed to turn over. So I don't see how you can separate out her failure to provide the Excel spreadsheet from these other issues, which were insufficient based on a finding of fact by the court that the CPA's testimony was necessary to establish the materiality and the fraudulent intent which were required. Well, there's a difference, isn't there, between failing to establish the actual affirmative obligation as to the financial condition versus giving this document or those documents? I think the final point I would make is that I don't think that this fifth cause of action, it almost becomes strict liability if you think in that way, that, hey, you did not provide this document, therefore, you did not get a discharge. Well, I think underlying that, I take your point, but I think underlying that is, is there that document? And that's what's so damaging here is that there is no dispute as to the Excel. And we can quibble about the tax documents, but the debtor has said repeatedly, there's all these documents that show that I do not owe $7 million in taxes to the State of California and the IRS, and nothing was given. So, I mean, part of this rests on the debtor's doorstep, doesn't it? I would, I mean, I would say, yes, I wish she'd provided these documents from my perspective. But number two, I still think it's the trustee's obligation to approve the materiality and the importance of those documents. And if it was insufficient for the fourth cause of action, it's insufficient for the fifth cause of action. Thank you. All right. Thank you very much. This matter is submitted. Madam Clerk, please call the next case.
judges: Brand, Spraker, and Corbit